UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X
CARMEN BIGIO, Individually and on Behalf
of All other persons similarly situated,

        Plaintiff,

    -against-

JP MORGAN CHASE & CO.,

        Defendant.
------------------------------------- X

CASE NO. 07-CV-4622 (GEL)

**ELECTRONICALLY FILED**

### DEFENDANT'S ANSWER AND
### AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant JPMorgan Chase Bank, National Association (incorrectly identified in the caption of the Complaint as "JP Morgan Chase & Co.") ("JPMorgan Chase" or "Company"), by and through its undersigned attorneys, hereby answers the Complaint of Plaintiff Carmen Bigio ("Plaintiff") in the above-captioned matter by admitting, denying, and averring as follows:

### NATURE OF THE ACTION

1.    Defendant admits that Plaintiff seeks unpaid wages for overtime work and liquidated damages under the Fair Labor Standards Act ("FLSA") and that she purports to bring this action as a collective action. Defendant denies that facts exist that would allow Plaintiff to obtain relief pursuant to the FLSA on behalf of herself and/or any other individuals and specifically denies that this matter is appropriate for collective action treatment.

2.    Defendant admits that Plaintiff seeks back wages for overtime work under the New York Labor Law and that she purports to bring this action as a class action. Defendant denies that facts exist that would allow Plaintiff to obtain relief pursuant to the New York Labor

Law on behalf of herself and/or any other individuals and specifically denies that this matter is appropriate for class action treatment.

## THE PARTIES

3. Defendant admits that Plaintiff is an adult individual. Defendant also admit that its business records reflect that Plaintiff's last known address was 268 Robinson Avenue, Bronx, New York 10465.

4. Admitted.

## COLLECTIVE ACTION ALLEGATIONS

5. Defendant admits that Plaintiff seeks to prosecute her FLSA claims as a collective action. Defendant denies all remaining allegations contained in paragraph 5 of the Complaint.

6. Denied.

7. Defendant is without knowledge or information sufficient to form a belief as to the allegations concerning Plaintiff's counsel. Defendant denies the remaining allegations contained in paragraph 7 of the Complaint.

8. Denied.

9. Denied.

10. Denied.

11. Defendant denies the allegations in paragraph 11 of the Complaint and denies that subparts (a) - (e) are questions of law and fact common to the Collective Action Class.

**CLASS ALLEGATIONS**

12. Defendant admits that Plaintiff purports to bring this action as a class action. Defendant denies that this matter is appropriate for class action treatment.

13. Denied.

14. Denied.

15. Defendant is without knowledge or information sufficient to form a belief as to the allegations concerning Plaintiff's counsel. Defendant denies the remaining allegations contained in paragraph 15 of the Complaint.

16. Denied.

17. Denied.

18. Denied.

19. Defendant denies the allegations in paragraph 19 of the Complaint and denies that subparts (a) - (e) are questions of law and fact common to the Collective Action Class.

**FACTS**

20. Denied. By way of further response, Plaintiff's employment commenced on February 1, 2001.

21. The allegations contained in paragraph 21 state legal conclusions to which no responsive pleading is required.

22. The allegations contained in paragraph 22 state legal conclusions to which no responsive pleading is required.

23. Denied.

24. Defendant admits that Plaintiff worked the number of overtime hours stated in paragraph 24 of the Complaint and that Plaintiff was paid for those overtime hours at the rates of pay stated in paragraph 24 of the Complaint. Defendant denies the remaining allegations in paragraph 24 of the Complaint.

25. The allegations contained in paragraph 25 state legal conclusions to which no responsive pleading is required.

26. Defendant admits that some individuals worked over 40 hours per week and that they were paid in accordance with all applicable laws. Defendant denies the remaining allegations in paragraph 26 of the Complaint.

**FIRST CLAIM FOR RELIEF**
**(Subject to pending Motion to Dismiss)**

27. Paragraphs 1-26 above are incorporated by reference as if the same were fully set herein.

28. The allegations contained in paragraph 28 state legal conclusions to which no responsive pleading is required.

29. The allegations contained in paragraph 29 state legal conclusions to which no responsive pleading is required.

30. Admitted.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

## SECOND CLAIM FOR RELIEF
### (Subject to pending Motion to Dismiss)

35. Paragraphs 1-34 above are incorporated by reference as if the same were fully set herein.

36. The allegations contained in paragraph 36 state legal conclusions to which no responsive pleading is required.

37. Denied.

38. Denied.

39. Denied.

## PRAYER FOR RELIEF

Defendant denies all allegations contained in the Wherefore Clause of the Complaint (including its sub-parts) and denies that it is liable to Plaintiff or any other individual for any reason or in any way.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

1. Plaintiff's claims are barred, in whole or in part, by applicable statute of limitations.

### SECOND DEFENSE

2. The pursuit of Plaintiff's New York claims conflicts with and/or is preempted, in whole or in part, by federal law.

### THIRD DEFENSE

3. Plaintiff's claims are barred by the doctrines of estoppel, offset, and/or setoff.

### FOURTH DEFENSE

4. If Defendant's failure to pay overtime was unlawful, although such is not admitted, Defendant had a good faith and reasonable belief that the failure to pay such wages was not unlawful.

### FIFTH DEFENSE

5. If Defendant's failure to pay overtime wages was unlawful, although such is not admitted, none of Defendant's actions or omissions constitutes a willful violation of the FLSA.

**SIXTH DEFENSE**

6.      Plaintiff is not similarly situated with other current or former employees of Defendant and is therefore not entitled to proceed with this case as a collective action under the FLSA.

**SEVENTH DEFENSE**

7.      This action cannot be maintained in a class or collective action because claims of the putative class and/or collective representatives are not typical of most of the putative class.

**EIGHTH DEFENSE**

8.      This action cannot be maintained in a class or collective action because the purported representatives and their counsel will not timely or adequately protect the interests of the class.

**NINTH DEFENSE**

9.      This action cannot be maintained in a class or collective action because the putative class is so numerous that joinder of all members is impractical.

**TENTH DEFENSE**

10.     The spread of hours provision is unconstitutional or otherwise invalid

**ELEVENTH DEFENSE**

11.     The New York overtime provision is unconstitutional or otherwise invalid.

## TWELFTH DEFENSE

12. Plaintiff's state law claim contravenes the Rules Enabling Act.

## RESERVATION OF RIGHTS

Defendant reserves the right to assert additional defenses as Plaintiff's claims are clarified in the course of this litigation.

**WHEREFORE**, Defendant demands judgment as follows:

A. Dismissing Plaintiff's Complaint in its entirety;

B. Granting Defendant its costs, disbursements, and attorneys' fees incurred in this action; and

C. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Sam S. Shaulson
DATED: July 23, 2007
Sam S. Shaulson (SS 0460)
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY
212.309.6000
212.309.6001 (fax)

- and –

Todd Gutfleisch (TAG 5905)
JPMORGAN CHASE & CO.
One Chase Manhattan Plaza
26th Floor
New York, NY 10006
212.552.0913
212.552.1630 (fax)

ATTORNEYS FOR DEFENDANTS
JPMorgan Chase Bank, National Association

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 23, 2007, I electronically filed Defendant's Answer and Affirmative Defenses to the Complaint of Plaintiff Carmen Bigio with the Clerk of the District Court using its CM/EMF system, which will then electronically notify the following CM/EFC participants on this case:

        Christine A. Palmieri
        LIDDLE & ROBINSON, L.L.P.
        800 Third Avenue
        New York, NY  10022

            and

        Jeffrey M. Gottlieb
        BERGER & GOTTLIEB
        150 East 18th Street, Suite PHR
        New York, NY  10003

                              /s/ Sam S. Shaulson
                              Sam S. Shaulson (SS 0460)
                              MORGAN, LEWIS & BOCKIUS LLP
                              101 Park Avenue
                              New York, NY
                              212.309.6000
                              212.309.6001 (fax)

                              Counsel for Defendant
                              JPMorgan Chase Bank, National Association