**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CARMEN BIGIO, Individually and
on Behalf of All other person similarly situated,

Plaintiff,

-against-

JP MORGAN CHASE & CO.,

Defendant.

Civil Action No. 07-4622 (GEL)

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT OF CARMEN BIGIO**

DATED: July 23, 2007

Sam S. Shaulson (SS 0460)
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY
212.309.6000
212.309.6001 (fax)

- and –

Todd Gutfleisch (TAG 5905)
JPMORGAN CHASE & CO.
One Chase Manhattan Plaza
26th Floor
New York, NY 10006
212.552.0913
212.552.1630 (fax)

ATTORNEYS FOR DEFENDANTS
JPMorgan Chase Bank, National Association

# TABLE OF CONTENTS

I. INTRODUCTION ....................................................................................................2

II. STATEMENT OF FACTS ............................................................................................2

III. ARGUMENT .............................................................................................................2

A. Applicable Standard of Review ....................................................................3

B. Plaintiff's Claims For Overtime Should Be Dismissed Because, As A Matter of Law, JPMorgan Chase Fully Complied With Its Overtime Obligations .............................................................................................3

C. Plaintiff's Claim For Spread Of Hours Compensation Should Be Dismissed......7

1. New York's Spread of Hours Provision Is Inapplicable To Plaintiff Because Her Regular Hourly Rate Is Sufficiently Above The Minimum Rate ...........................................................................8

2. Plaintiff's Regular Hourly Rate Sufficiently Exceeded New York's Minimum Wage ...........................................................................9

a. The Minimum Hourly Rate Of Pay At Which Plaintiff's Compensation Would Necessarily Exceed New York's Minimum Wage As A Matter Of Law..........................................9

b. Plaintiff's Regular Rate of Pay Sufficiently Exceeded New York's Minimum Rate of Pay.....................................................10

IV. CONCLUSION..........................................................................................................11

# TABLE OF AUTHORITIES

Allen v. Westpoint-Pepperell, Inc., 945 F.2d 40 (2d Cir. 1991)........................................2

Bandhan v. Lab. Corp. of Am., 2002 U.S. Dist. LEXIS 25972 (S.D.N.Y. Mar. 27, 2002) ........................................................................................4

Bell Atlantic Corp. v. Twombly, --- U.S. --, 127 S. Ct. 1955 (May 21, 2007)...........2, 3, 7

Bennett v. Progressive Corp., 225 F. Supp. 2d 190 (N.D.N.Y. 2002)...............................4

Brass v. Am. Film Techs., Inc., 987 F.2d 142 (2d Cir. 1993) ...........................................3

Chambers v. Time Warner, Inc., 282 F.3d 147 (2d Cir. 2002)..........................................3

Chan v. Triple 8 Palace, Inc., No. 03 Civ. 6048, 2006 WL 851749 (S.D.N.Y. Mar. 30, 2006) ........................................................................................8

Conley v. Gibson, 335 U.S. 41 (1957)...............................................................................2

Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42 (2d Cir. 1991)...............................3

Espinosa v. The Delgado Travel Agency, Inc., No. 05 Civ. 6917, 2007 WL 656271 (S.D.N.Y. Mar. 2, 2007) ....................................................................................8

Franklin v. Breton Int'l, Inc., No. 06 Civ. 4877, 2006 WL 3591949 (S.D.N.Y. Dec. 11, 2006) ........................................................................................8

Gagliardi v. Village of Pawling, 18 F.3d 188 (2d Cir. 1994) ............................................2

Jenkins v. Hanac, Inc., No. 06-CV-3592, 2007 WL.1774641 (E.D.N.Y. June 20, 2007) ........................................................................................8

Madonna v. United States, 878 F.2d 62 (2d Cir. 1989) ......................................................3

Papasan v. Allain, 478 U.S. 265 (1986)..............................................................................2

Rapoport v. Asia Electronics Holding Co., 88 F. Supp. 2d 179 (S.D.N.Y. 2000)..............4

Selby v. Principal Mut. Life Ins. Co., 197 F.R.D. 48 (S.D.N.Y. 2000)..............................1

Simon v. E. Ky. Welfare Rights Org., 426 U.S. 26 (1976) ...............................................1

U.S. Fid. & Guar. Co. v. Petroleo Brasileiro S.A. - Petrobras, No. 98 Civ. 3099, 2001 WL 300735 (S.D.N.Y. Mar. 27, 2001) ....................3

**FEDERAL STATUTES**

29 C.F.R. § 778.106 ....................5

29 U.S.C. § 207(a)(1)....................4

29 U.S.C. § 201 et seq....................1, 4, 5

**FEDERAL RULES**

Federal Rule Civil Procedure 12(b)(6) ....................2

**STATE STATUTES**

New York Labor Law § 142-2.4....................8

New York Labor Law §§ 650 et seq. ....................1

New York Labor Law § 652 (1) ....................2, 10

## I. INTRODUCTION

On May 31, 2007, Plaintiff Carmen Bigio ("Ms. Bigio" or "Plaintiff") filed the instant Complaint against her former employer, JPMorgan Chase Bank, National Association ("JPMorgan Chase") (incorrectly identified in the caption of the Complaint as "JP Morgan Chase & Co."). Ms. Bigio alleges that she was denied proper overtime payments in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. Plaintiff also seeks compensation for unpaid overtime and spread of hours compensation under New York state wage and hour laws, New York Labor Law §§ 650 et seq. JPMorgan Chase moves the Court for an order dismissing Plaintiff's Complaint in its entirety.[1] As set forth below, Plaintiff's allegations are without merit and should be dismissed.

First, Plaintiff's claims for overtime compensation are based on the wrong rate. Her allegations are essentially that she should have been paid overtime throughout her five-year career at an overtime rate equal to the highest regular rate she received during her employment with JPMorgan Chase. This is not the law and, as such, the Complaint fails to state a claim upon which relief can be granted.

Second, Plaintiff's claim for compensation under the New York spread of hours provision should be dismissed because JPMorgan Chase paid Plaintiff a base rate of pay

[1] Although the Complaint purports to assert collective and class action allegations, Plaintiff cannot avoid the dismissal of her claims by asserting claims on behalf of other unidentified class members because it is well settled that a named Plaintiff must have standing in her own right to maintain a viable claim. See Simon v. E. Ky. Welfare Rights Org., 426 U.S. 26, 40 n.20 (1976) ("That a suit may be a class action … adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class which they purport to represent"); Selby v. Principal Mut. Life Ins. Co., 197 F.R.D. 48, 56 (S.D.N.Y. 2000) ("a predicate to a plaintiff's right to represent a class is his eligibility to sue in his own right") (internal quotations omitted).

sufficiently above the New York minimum wage, such that, as a matter of law, no further compensation is owed to Plaintiff.

## II. STATEMENT OF FACTS

Plaintiff worked for JPMorgan Chase as a non-exempt bank teller from February 2001 to August 2006. At all times during her employment, Plaintiff's regular hourly rate of pay (and that of all bank tellers employed by JPMorgan Chase) was well above New York's minimum wage. (See Declaration of Holly Vermeulen, attached hereto as Ex. 1.) Plaintiff's regular hourly rate was at least $9.89 in 2001, $10.32 in 2002, $10.32 in 2003, $9.23 in 2004, $9.41 in 2005, and $12.50 in 2006; whereas the state minimum wage was $5.15 per hour in 2001-2004, $6.00 per hour in 2005, and $6.75 per hour in 2006.[2] (Id.).

## III. ARGUMENT

### A. Applicable Standard of Review.

A complaint will be dismissed pursuant to Federal Rule Civil Procedure 12(b)(6) for failure to state a claim if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Conley v. Gibson, 335 U.S. 41, 45-46 (1957); accord Gagliardi v. Village of Pawling, 18 F.3d 188, 191 (2d Cir. 1994); Allen v. Westpoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991). Although a complaint need not have detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, --- U.S. ----, 127 S. Ct. 1955, 1964-65 (May 21, 2007); see also Papasan v. Allain, 478 U.S. 265, 286 (1986) (on a motion to

[2] See New York Labor Law § 652 (1).

dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). The Complaint must allege "enough facts to state a claim to relief that is plausible on its face" and must be "above the speculative level." Bell Atlantic, 127 S. Ct. at 1965.

To determine if a claim is legally sufficient, a court may consider any document attached to the complaint as an exhibit, documents or statements incorporated in the complaint by reference, any matters of which judicial notice may be taken, and any documents either in a plaintiff's possession or of which she had knowledge and relied upon in bringing suit. See U.S. Fid. & Guar. Co. v. Petroleo Brasileiro S.A. – Petrobras, No. 98 Civ. 3099, 2001 WL 300735, at *2 (S.D.N.Y. Mar. 27, 2001) (citations omitted); Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993); Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47-48 (2d Cir. 1991); Madonna v. United States, 878 F.2d 62, 64-65 (2d Cir. 1989). Moreover, "[e]ven where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002). Because Plaintiff refers to and relies upon her semi-monthly pay statements in support for her claims in the Complaint, (Complaint at ¶ 24), the Court may consider them in deciding this Motion.

**B. Plaintiff's Claims For Overtime Should Be Dismissed Because, As A Matter of Law, JPMorgan Chase Fully Complied With Its Overtime Obligations.**

In her First and Second Claims for Relief, Plaintiff alleges that "Defendant had a policy and practice of refusing to pay earned compensation to its employees, including overtime compensation for hours worked in excess of forty hours per week," in violation of federal and New York overtime laws. (Compl. at ¶ 31.) These allegations fail to state a claim for relief

because Plaintiff received all compensation to which she was entitled.[3] As such, her claims should be dismissed.

The FLSA requires that non-exempt workers receive overtime compensation for hours worked in excess of forty per week. 29 U.S.C. § 201 et seq. Overtime compensation is paid at one and one-half times the employee's "regular rate." 29 U.S.C. § 207(a)(1). While Plaintiff acknowledges that she was paid overtime, she claims that she was not paid at one and one-half times her regular hourly rate of pay. (See Compl at ¶¶ 23-24.) In support of her claim, Plaintiff premises her claims on an overstated hourly rate of pay and cites three examples of JPMorgan Chase's alleged failure to pay overtime compensation in violation of federal and state overtime laws. Plaintiff's examples, however, misconstrue her payroll statements and overstate her regularly hourly rate.[4]

As an initial matter, Plaintiff's recitation of her regular rate of pay during her employment with JPMorgan Chase is overstated for years 2004 and 2005. She claims that she was paid $12.50 per hour from 2004-2006. Upon examination of her semi-monthly payroll statements, however, it is clear that Plaintiff's regular rate of pay was $9.23 per hour in 2004, $9.41 per hour in 2005, and $12.50 per hour in 2006.

---

[3] The analysis of a claim for overtime under the FLSA applies equally to a New York state law claim for overtime. See Bandhan v. Lab. Corp. of Am., 2002 U.S. Dist. LEXIS 25972 (S.D.N.Y. Mar. 27, 2002) (granting summary judgment for defendant on plaintiff's FLSA and New York overtime claims and holding that "plaintiff's overtime claim under New York Labor Law . . . is address with the FLSA analysis"); see also Bennett v. Progressive Corp., 225 F. Supp. 2d 190, 215 (N.D.N.Y. 2002) ("Because neither plaintiffs nor defendants direct this court to authority mandating a different analysis under New York State law and the FLSA, 'the ensuing analysis focuses solely on federal law, but applies equally to Plaintiff's claim under the FLSA and New York State law.").

[4] The Court need not accept as true Plaintiff's allegations that her regular hourly wage was $12.50 in 2004 and 2005 where such allegations are inconsistent with the documents relied upon in the Complaint, i.e., the Plaintiff's semi-monthly payroll statement. See Rapoport v. Asia Electronics Holding Co., 88 F. Supp. 2d 179, 184 (S.D.N.Y. 2000) ("If these documents contradict the allegations of the . . . complaint, the documents control and this Court need not accept as true the allegations in the . . . complaint.").

As for Ms. Bigio's overtime compensation, Ms. Bigio was paid for all overtime worked. It is important to note that overtime pay is not necessarily reflected in the same pay period in which the overtime was actually worked. (See Ex. 1, Declaration of H. Vermeulen.) JPMorgan Chase pays employees their regular salary "current" (for example, an employee receiving a pay check on the 15th of the month would be paid for the first through the 15th of that month). Like most employers, however, JPMorgan Chase pays overtime compensation in subsequent payroll periods (for example, overtime worked during the first half of the month might not be paid until the pay check on the last day of the month). The reason is obvious: JPMorgan Chase does not know how much overtime has been worked by an individual until the end of each work week and cannot run its payroll in very short periods between the end of some work weeks and the pay date. For such overtime hours, compensation is paid in the following pay period or as soon as practicable. The FLSA regulation states:

> There is no requirement in the Act that overtime compensation be paid weekly. The general rule is that overtime compensation earned in a particular workweek must be paid on the regular pay day for the period in which such workweek ends. When the correct amount of overtime compensation cannot be determined until some time after the regular pay period, however, the requirements of the Act will be satisfied if the employer pays the excess overtime compensation as soon after the regular pay period as is practicable."

29 C.F.R. § 778.106.

As such, Plaintiff fails as a matter of law to state a claim that JPMorgan Chase violated the FLSA. As stated above, Ms. Bigio provides three examples in her Complaint to support her contention that she was underpaid. (See Complaint at ¶ 24(a) – (c).) In Example (a), Plaintiff claims that for the pay period ending January 15, 2006, she was paid overtime for 5.08 hours at a rate of $14.13 per hour, which is only 1.13 multiplied by her alleged regular rate of pay of $12.50 per hour. (Id. at ¶ 24.) Plaintiff's allegations, however, fail to take into account that the

5.08 hours actually reflect overtime hours worked during the prior pay period (ending December 31, 2005), during which time her hourly rate of pay was $9.41 per hour. As such, Plaintiff was only entitled to the overtime compensation she was paid, $71.76, which reflects 5.08 hours at an overtime rate of $14.13 per hour ($9.41 per hour multiplied by 1.5). The payroll records clearly show that there are two overtime entries on Plaintiff's January 15, 2006 payroll statement. The first entry reflects overtime hours worked in the prior pay period ending December 31, 2005. The second entry (which is noticeably absent from the Complaint), however, clearly establishes that Plaintiff's compensation for overtime hours worked during the January 15, 2006 pay period was based on $12.50 per hour, her increased hourly rate of pay beginning January 1, 2006, (i.e. 8.5 hours of overtime at $18.75 hour ($12.50 per hour multiplied by 1.5)), equaling $159.37. (See Plaintiff's Semi-monthly Payroll Register for Pay Period Ending January 1, 2006, attached hereto as Tab A to Ex. 1, Declaration of H. Vermeulen.)

In Example (b) in her Complaint, Plaintiff claims that for the pay period ending October 31, 2005, she was paid 16.17 hours of overtime at 1.5 multiplied by her alleged hourly rate of $12.50. Again, Plaintiff misconstrues her payroll statement and overstates her hourly earnings. In 2005, Plaintiff's hourly rate of pay was $9.41, not $12.50. In fact, this is clearly shown in the amount of compensation paid to Plaintiff for all non-overtime hours on the October 31st payroll statement: $816.25 divided by 86.67 regular hours = $9.41 per hour. Therefore, Plaintiff was paid the full compensation to which she was entitled under the FLSA: $228.43, i.e., $14.13 per hour ($9.41 multiplied by 1.5) multiplied by 16.17 hours of overtime. JPMorgan Chase adequately compensated Plaintiff for all overtime hours worked in full. (See Plaintiff's Semi-monthly Payroll Register for Pay Period Ending October 31, 2005, attached hereto as Tab B to Ex. 1, Declaration of H. Vermeulen.)

In Example (c), Plaintiff alleges that she was compensated for 11.08 hours of overtime at a rate of $13.85 per hour, which she claims is 1.1 times her hourly rate of $12.50 for the pay period ending September 15, 2004. Again, Plaintiff has improperly inflated her hourly rate. In 2004, Plaintiff's regular rate of pay was $9.23 per hour and her overtime rate of pay was $13.95 ($9.23 multiplied by 1.5). Based on the foregoing, it is clear that JPMorgan has complied fully with its overtime obligations under the FLSA, and, therefore, the First and Second Claims for Relief in the Complaint relating to unpaid overtime should be dismissed in its entirety. (See Plaintiff's Semi-monthly Payroll Register for Pay Period Ending January 1, 2006, attached hereto as Tab C to Ex. 1, Declaration of H. Vermeulen.)

**C. Plaintiff's Claim For Spread Of Hours Compensation Should Be Dismissed.**

As an initial matter, the Complaint is completely devoid of any evidence whatsoever to support Plaintiff's claim that JPMorgan Chase violated New York's spread of hours law. The Complaint does not articulate the number of days worked per week or hours worked per day. In fact, Ms. Bigio fails to specify even one day during the course of her five-year employment with JPMorgan Chase that her spread of hours exceeded 10 hours. Rather, the Complaint merely makes inappropriate conclusory allegations that Ms. Bigio is owed spread of hours compensation. Simply put, the Complaint does not allege "enough facts to state a claim to relief that is plausible on its face" and fails to rise "above the speculative level." Bell Atlantic, 127 S. Ct. at 1965. Accordingly, Plaintiff's spread of hours claim should be dismissed.

In addition, even if the allegations in the Complaint were sufficient to state a claim for relief, Plaintiff's spread of hours claim should be dismissed because the spread of hours provision does not apply to an individual, such as Plaintiff, who was paid sufficiently above the minimum rate required under that provision.

**1. New York's Spread of Hours Provision Is Inapplicable To Plaintiff Because Her Regular Hourly Rate Is Sufficiently Above The Minimum Rate.**

Plaintiff's spread of hours claim should be dismissed because Ms. Bigio's hourly wage was well above the minimum wage, and, as a matter of law, the spread of hours provision is inapplicable. See Chan v. Triple 8 Palace, Inc., No. 03 Civ. 6048, 2006 WL 851749, *21 (S.D.N.Y. Mar. 30, 2006) (J. Lynch) (holding that the spread of hours provision "will not affect workers whose total weekly compensation is already sufficiently above the minimum wage"); see also Espinosa v. The Delgado Travel Agency, Inc., No. 05 Civ. 6917, 2007 WL 656271, *2 (S.D.N.Y. Mar. 2, 2007) ("By its plain language, section 142-2.4(a) only provides supplemental wages to workers who are paid the minimum wage under New York law. It does not ensure additional compensation to employees whose wages sufficiently exceed that floor."); Franklin v. Breton Int'l, Inc., No. 06 Civ. 4877, 2006 WL 3591949, *4 (S.D.N.Y. Dec. 11, 2006) ("[t]he provision . . . applies only to workers earning the minimum wage").

Under New York law, "an employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage . . . for any day in which: (a) the spread of hours exceeds 10 hours; or (b) there is a split shift; or (c) both situations occur." N.Y. Comp. Codes R. & Regs. tit. 12 § 142-2.4. Employers, however, are not required to pay an employee the additional hour if the "total wages paid [are] equal to or greater than the total due for all hours at the minimum wage plus one additional hour at the minimum wage." New York State Department of Labor ("DOL") Opinion Letter, dated April 12, 2006 ("DOL Opinion Letter"), at 2; see also See Chan, 2006 WL 851749 at *21 (holding that the DOL's interpretation of the spread of hours provision "makes sense since [the statute] by its own terms is concerned only with ensuring an additional amount above the '*minimum* wage'") (emphasis in original); Jenkins v. Hanac, Inc., No. 06-CV-3592, 2007 WL 1774641 (E.D.N.Y. June 20, 2007) (dismissing

plaintiff's claim on grounds that "Plaintiff's salary sufficiently exceeded the statutory minimum wage required throughout her employment, and therefore, she is not entitled to receive an additional hour at the minimum rate for the days in which her 'spread of hours' exceeded ten").

**2. Plaintiff's Regular Hourly Rate Sufficiently Exceeded New York's Minimum Wage.**

The following analysis provides a simple formula for determining the minimum hourly rate at which an employee must be paid to preclude application of the spread of hours provision:

$$\text{Plaintiff's Minimum Hourly Rate} \geq \text{Prevailing Minimum Wage} + \frac{7 \text{ (i.e., the maximum number of days an employee could work in excess of ten hours in a workweek)} \times \text{Prevailing Minimum Wage}}{\text{Forty Hours}}$$

This formula considers the maximum number of days in one workweek that an employee could work in excess of 10 hours, thereby triggering a spread of hours analysis. The maximum number of such days in any given workweek is seven, i.e., each day of the workweek an employee could work in excess of 10 hours. Seven is then multiplied by the prevailing minimum wage to produce the maximum spread of hours compensation to which an employee could be entitled for that workweek. This amount is divided by 40 hours (the numbers of non-overtime hours in a regular workweek) to establish the maximum additional per hour compensation to which an employee would be entitled pursuant to the spread of hours regulation. This additional per hour compensation is added to the prevailing minimum wage to generate the minimum hourly rate of pay an employee should receive such that the spread of hours would never be due.

**a. The Minimum Hourly Rate Of Pay At Which Plaintiff's Compensation Would Necessarily Exceed New York's Minimum Wage As A Matter Of Law.**

In 2001 - 2004, the New York minimum wage was $5.15 per hour.[5] Based on the above formula, JPMorgan Chase cannot be found in violation of the spread of hours provision as a matter of law so long as Plaintiff's regular rate of pay exceeded $6.05 per hour, i.e., Plaintiff's minimum hourly rate was greater than $5.15 (New York minimum wage) plus 7 days multiplied by $5.15 divided by 40 hours.

In 2005, New York increased its minimum wage to $6.00 per hour.[6] Plaintiff's hourly rate of pay must have exceeded $7.05 so that no extra spread of hours compensation would be due, i.e., Plaintiff's minimum hourly rate was greater than $6.00 (New York minimum wage) plus 7 days multiplied by $6.00 divided by 40 hours.

In 2006, New York's minimum wage increased yet again to $6.75 per hour.[7] As a matter of law, Plaintiff's rate of pay must have exceeded $7.93 per hour to satisfy the spread of hours provision, i.e., Plaintiff's minimum hourly rate was greater than $6.50 (New York minimum wage) plus 7 "spread of hours" days multiplied by $6.50 divided by 40 hours.

**b. Plaintiff's Regular Rate of Pay Sufficiently Exceeded New York's Minimum Rate of Pay.**

Upon review of Plaintiff's semi-monthly payroll statements, it is clear that Plaintiff's regular hourly rate of pay exceeded that required under New York law. Specifically, her hourly rate was at least $9.89 per hour in 2001; $10.32 in 2002 and 2003; $9.23 in 2004; $9.42 in 2005; and $12.50 in 2006. (See Ex. 1, Declaration of H. Vermeulen, attesting to Plaintiff's Hourly

[5] New York Labor Law § 652 (1).

[6] Id.

[7] Id.

Rate of Pay) Simply put, at all times during her employment, Plaintiff's regular hourly rate of pay exceeded what she would have been entitled under the spread of hours provision, thereby precluding its application. Accordingly, the allegations in the Complaint relating to this claim should be dismissed with prejudice.

## IV. CONCLUSION

Based on the foregoing, Plaintiff has failed to state a claim for overtime under the FLSA and the New York Labor Law and for spread of hours compensation under the New York Labor Law. Accordingly, the Complaint should be dismissed in its entirety with prejudice.

Respectfully submitted,

DATED: July 23, 2007

/s/ Sam S. Shaulson

Sam S. Shaulson (SS 0460)
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY
212.309.6000
212.309.6001 (fax)

- and –

Todd Gutfleisch (TAG 5905)
JPMORGAN CHASE & CO.
One Chase Manhattan Plaza
26th Floor
New York, NY 10006
212.552.0913
212.552.1630 (fax)

ATTORNEYS FOR DEFENDANTS
JPMorgan Chase Bank, National Association